1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC.,
AMAZON.COM SERVICES LLC,
and CARTIER INTERNATIONAL
A.G.,

                 Plaintiffs,

      v.

XFYF and DOES 1-10,

               Defendants.

CASE NO. C22-841 MJP

ORDER GRANTING <u>EX PARTE</u>
MOTION FOR EXPEDITED
DISCOVERY

      This matter comes before the Court on Plaintiffs' <u>Ex Parte</u> Motion for Expedited

Discovery. (Dkt. No. 10.) Having reviewed the Motion and all supporting materials, the Court

GRANTS the Motion.

### BACKGROUND

      Plaintiffs Amazon.com Inc., Amazon.com Services LLC, and Cartier International A.G.

claim that Defendants advertised and sold counterfeit Cartier products in violation of Cartier's

intellectual property rights. (<u>See</u> Complaint ¶¶ 1, 9, 38-43, ad 44-71.) Plaintiffs pursue various trademark claims and a claim under the Washington Consumer Protection Act. (<u>See</u> <u>id.</u>)

Plaintiffs seek leave to serve a third-party subpoena to identify the defendants named in this action. (Dkt. No. 10.) The request itself comes with a certain amount of irony. Despite a purportedly "robust seller verification process," Amazon approved the seller account—allowing it to sell goods on Amazon's platform—without actually verifying the identities of the individuals behind the account. The name of the seller account itself should likely have raised some red flags as to whether it was legitimate: YFXF. (<u>See</u> Compl. ¶ 13.) But it was not until Amazon filed this suit that it claims to have performed some investigation and discovered the three addresses provided by the operators of the seller account "YFXF" have no connection at all to it. (<u>See</u> Declaration of Scott Commerson ¶¶ 2-3 (Dkt. No. 12).) Plaintiffs now seek leave to serve a third-party subpoena on JPMorgan Chase Bank, N.A., a bank associated with the individual or entity operating the YFXF seller account. (Declaration of Rob Garrett ¶ 9 (Dkt. No. 11).) Plaintiffs maintain the subpoena is intended only to allow them to identify the underlying individuals and entities associated with the seller account for purpose of completing service. (Commerson Decl. ¶ 5.)

## ANALYSIS

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts may permit expedited discovery before the parties' Rule 26(f) conference only upon a showing of good cause. <u>See</u> <u>Am. LegalNet, Inc. v. Davis</u>, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause may be found where

1    the need for expedited discovery, in consideration of the administration of justice, outweighs the

2    prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273,

3    276 (N.D. Cal. 2002). "Factors commonly considered in determining the reasonableness of

4    expedited discovery include, but are not limited to: (1) whether a preliminary injunction is

5    pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited

6    discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in

7    advance of the typical discovery process the request was made." Am. LegalNet, 673 F. Supp. 2d

8    at 1067 (internal quotation marks omitted). But at a minimum, the moving party must

9    demonstrate adequate diligence and good faith to satisfy the "good cause" standard. See Johnson

10   v. Mammoth Recreations, Inc., 975 F.2d 604, 609l (9th Cir. 1992); see also Amazon.com, Inc. v.

11   Yong, No. 21-170RSM, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021).

12          The Court here finds good cause to allow the expedited discovery. Plaintiffs seek the

13   discovery to enable them to identify Defendants and effectuate service. Counsel avers that they

14   have undertaken extensive efforts to identify the true identities of Defendants and their addresses

15   for service without any luck. (See Commerson Decl. ¶¶ 2-3.) The Court contrasts this diligence

16   with Amazon's apparent lack of diligence when it allowed Defendants to open a seller account

17   on its platform in the first instance. But given the procedural posture, the diligent investigation

18   conducted to date, and the fact that Plaintiff Cartier International A.G. had no apparent role in

19   allowing the seller account to be opened with Amazon, the Court finds there to be sufficient

20   diligence to satisfy good cause. Expedited discovery will allow the claims asserted to proceed if

21   Plaintiffs can properly identify and serve Defendants. This does not appear to allow Plaintiffs

22   any unfair advantage or reward bad faith. Instead, the interests of justice will be served by

23   allowing this departure from the normal discovery rules to help Plaintiffs complete service. And

24

the Court does not find that Defendants face any prejudice from allowing this limited relief. The Court therefore GRANTS the Motion.

## CONCLUSION

The Court GRANTS the Motion for Expedited Discovery. Plaintiffs are granted leave prior to the Rule 26(f) conference to serve Rule 45 subpoenas on JPMorgan Chase Bank, N.A. Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant to this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 21, 2022.

Marsha J. Pechman
United States Senior District Judge